IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | | |
|---|---|---|
| VISCO FINANCIAL SERVICES, LIMITED, ) | | FILED: JULY 16, 2008 |
| ) | | 08CV4029 |
| Plaintiff, ) | | JUDGE KOCORAS |
| ) | | MAGISTRATE JUDGE COLE |
| v. ) | No. | |
| ) | | PH |
| JOHN J. SIEGEL, JR, ) | | |
| ) | | |
| Defendants. ) | | |

## COMPLAINT ON LOAN GUARANTY

Visco Financial Services, Ltd complains against John J. Siegel, Jr. and says the following:

1. Jurisdiction of this Court is based on the diverse citizenship of the parties and the requisite jurisdictional amount as the amount in controversy exceeds $75,000 exclusive of interest and costs.

2. Venue is properly laid in this Court because the loan upon which this action is based was made in Chicago and the Plaintiff is a citizen of Illinois located in Chicago.

3. Visco Financial Services, Ltd is an Illinois Corporation with its office and principal place of business in Chicago, Illinois.

4. John J. Siegel, Jr. is an adult citizen of the State of Kentucky.

5. Mr. Siegel is the guarantor of a loan made by Plaintiff to Fortitude Resources, Inc., on July 10, 1997 as reflected in a promissory note which is attached as **Exhibit A**.

6. As shown in the attached promissory note Plaintiff loaned Fortitude $1,232,387 on July 10, 1997.

7. The loan is past due and no payment has been made on it. The principal balance due with interest as provided in the note is $6,287,841.55 as of June 30, 2008.

8. John Siegel has made continuing unfulfilled promises to pay the loan. No payment has been made.

9. The note provides for payment of all costs of collection including reasonable attorney's fees.

**WHEREFORE**, Visco Financial Services, Ltd prays for judgment against John J. Siegel, Jr., as guarantor of the note for not less than $6,303,481.08 and such amounts as accrue after the date of filing this action plus collection costs including reasonable attorney's fees.

Done this **15th** day of **July 2008**.

VISCO FINANCIAL SERVICES, LTD,

By:     s/Donald L. Johnson
    One of Its Attorneys

Donald L. Johnson (1342460)
Julie A. Boynton (6224529)
33 North Dearborn Street
Suite 1401
Chicago, Illinois 60602
(312) 263-7000

2

## PROMISSORY NOTE

$1,323,387.00                                                                                           Chicago, Illinois
                                                                                                        July 10, 1997

This Note is intended to supercede and replace the following Notes: $300,000 dated October 21, 1996; $200,000 dated October 21, 1996; $150,000 dated January 28, 1997; $150,000 dated March 11, 1997; and $101,000 dated May 16, 1997. In addition, this Note includes a new loan for working capital for $350,000.

FOR VALUE RECEIVED, THE UNDERSIGNED, **FORTITUDE RESOURCES, INC.**, whose principal offices are located at 1534 Starks Building, Louisville, Kentucky 40202 ("MAKER"), and **JOHN J. SIEGEL, JR.**, of 2513 Woodbourne Avenue, Louisville, Kentucky 40205, ("GUARANTOR"), hereby promise and agree to pay to the order of **VISCO FINANCIAL SERVICES, LIMITED,** whose principal offices are located at 8700 West Bryn Mawr, Suite 810, Chicago, Illinois 60631 ("LENDER") the principal sum of One Million Three Hundred Twenty-three Thousand Three Hundred Eighty-seven Dollars ($1,323,387.00, plus interest thereon as computed below.

1. **Payment of Principal and Interest**. The principal and interest of this Note shall be paid to LENDER as follows:

    (a) The outstanding principal of this Note, as it shall exist from time to time, shall bear interest at the rate of Fifteen percent (15%) per annum.

    (b) Principal and interest will be all due and payable on May 10, 1998, amortized monthly due and payabe on the 10th day of each month, with the first principal and interest payment being due on September 10, 1997. The amortization schedule for this note is set forth as Exhibit "A" hereto.

**EXHIBIT A**

(c) Should interest not be paid when due, it shall thereafter bear like interest as principal.

(d) If any balance of principal or interest remains unpaid after May 10, 1998, such principal and interest shall thereafter bear interest at the rate of thirty percent (30%) per annum until paid in full.

(d) Payment of principal and interest on this Note shall be made to LENDER, or its assigns, in lawful money of the United States of America at 8700 West Bryn Mawr, Suite 810 North, Chicago, Illinois 60631, or at such other place as may be designated by LENDER in written notice to MAKER.

2. **Events of Default; Cross Default**: This Note has been executed by MAKER and GUARANTOR in favor of LENDER pursuant to that certain Master Financing Agreement, dated October 21, 1996 ("Master Financing Agreement") and Addendum Nos. 1, 2 and 3 To Master Financing Agreement (collectively,"Addendum") dated January 28, 1997, March 11, 1997 and July 9, 1997 between LENDER and MAKER . Each of the following shall constitute an Event of Default hereunder:

(a) If MAKER shall (i) fail to pay this Note when due; or (ii) violate or fail to perform or observe any covenants, agreements or conditions set forth in this Note unrelated to payment; or (iii) violate or fail to perform or observe any covenants, agreements or conditions set forth in the Master Financing Agreement, Addendum or of any of the Related Agreements referred to therein; or

(b) MAKER shall be adjudged bankrupt, or file a petition of bankruptcy, or have a petition of bankruptcy filed against

**EXHIBIT A**

them or any one of them, or if LENDER determines the ability of the MAKER to repay this Note is substantially impaired.

3. **Remedies Upon Default; Cross Default**: Upon the occurrence of an Event of Default, LENDER at its option may declare all or any part of the unpaid principal balance of this Note and the entire amount of interest specified in Section 1(a) above immediately due and payable. The failure of LENDER to immediately exercise any of its rights and remedies upon the occurrence of an Event of Default shall not constitute a waiver of LENDER'S right either to later exercise the same with respect to such Event of Default or to exercise the same in the event of any subsequent Event of Default and such failure shall not be deemed to establish a custom or course of dealing or performance between MAKER and LENDER. All rights and remedies shall be cumulative to the greatest extent permitted by law. Time shall be of the essence in making the payments due under the Note.

4. **Prepayment**: This Note may be prepaid in full or in part at any time, or from time to time, without premium or penalty. All prepayments on this Note shall be applied first to pay the entire amount of interest specified in Section 1(a) above and then to principal due hereunder.

5. **Collection Costs**: If this Note is placed in the hands of an attorney for collection, by suit or otherwise, the undersigned hereby agree to pay all costs of collection, including any reasonable attorneys' fees incurred to collect or enforce the collection of the Note.

6. **Waiver**: MAKER and GUARANTOR, and each of them, hereby waive diligence, demand, presentment for payment, notice of nonpayment or dishonor, protest and notice of protest, and expressly agree that this Note, or any payment hereunder, may be extended from time to time, all without in any way affecting their liability hereunder. The right to plead any and all types of statutes of limitations as a defense to any demand on this Note, or any guarantee of this Note, or to any agreement

EXHIBIT A

to pay the same, is hereby expressly waived by MAKER and GUARANTOR.

7. **Compliance with Applicable Law**: MAKER AND GUARANTOR agree that

(a) this instrument and the rights and obligations of all parties hereunder shall be governed by and construed under the laws of the State of Illinois;

(b) the obligation evidenced by this Note is an exempted transaction under the Truth-in-Lending Act, 15 U.S.C. Section 1601, et seq.; and

(c) said obligation constitutes a business loan within the purview of subparagraph (1) (c) of section 4 of the Illinois Interest Act (815 ILCS 205/4(1) (c), as amended).

FORTITUDE RESOURCES, INC.

By: _____
JOHN J. SIEGEL, JR.
President/Maker

_____
JOHN J. SIEGEL, JR.
Individually/Guarantor

EXHIBIT A

Fortitude Resources, Inc.
Monthly - Amortization Schedule
July 13, 1997
f:\data\6170\amort

| | | | | | |
|---|---|---|---|---|---|
| principal | | 1,323,387.00 | | | |
| term | | 20 | | | |
| rate per year | | 15.00% | | | |
| payment per month | | 17,426.22 | | | |
| beginning date | | 09/10/97 | | | |

| Payment | Date | Amount | Interest | Principal | Principal balance |
|---|---|---|---|---|---|
| | | | | | 1,323,387.00 |
| 1 | Sep-97 | 14,000.00 | 16,542.34 | (2,542.34) | 1,325,929.34 |
| 2 | Oct-97 | 70,000.00 | 16,574.12 | 53,425.88 | 1,272,503.46 |
| 3 | Nov-97 | 100,000.00 | 15,906.29 | 84,093.71 | 1,188,409.75 |
| 4 | Dec-97 | 140,000.00 | 14,855.12 | 125,144.88 | 1,063,264.87 |
| 5 | Jan-98 | 272,000.00 | 13,290.81 | 258,709.19 | 804,555.68 |
| 6 | Feb-98 | 281,000.00 | 10,056.95 | 270,943.05 | 533,612.63 |
| 7 | Mar-98 | 262,000.00 | 6,670.16 | 255,329.84 | 278,282.79 |
| 8 | Apr-98 | 281,761.32 | 3,478.53 | 278,282.79 | 0.00 |
| 9 | May-98 | 0.00 | 0.00 | 0.00 | 0.00 |
| 10 | Jun-98 | 0.00 | 0.00 | 0.00 | 0.00 |
| 11 | Jul-98 | 0.00 | 0.00 | 0.00 | 0.00 |
| 12 | Aug-98 | (0.01) | (0.01) | 0.00 | 0.00 |
| | | 1,420,761.31 | 97,374.31 | 1,323,387.00 | |

EXHIBIT A