UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

VISCO FINANCIAL SERVICES, LIMITED, )
)
Plaintiff, )
)
vs. ) 08 C 4029
)
JOHN J. SIEGEL, JR., )
)
Defendant. )

# MEMORANDUM OPINION

CHARLES P. KOCORAS, District Judge:

This matter comes before the court on Plaintiff Visco Financial Services, Limited ("Visco")'s motion to dismiss Defendant John Siegel ("Siegel")'s counterclaim and affirmative defenses and also to strike Siegel's answers to ¶¶ 5, 6, and 9 of the complaint. For the reasons set forth below, the motion to dismiss is granted and the motion to strike is granted.

## BACKGROUND

Visco sued Siegel for allegedly defaulting on a commercial promissory note. According to the allegations of the complaint, which we must accept as true for the purposes of this motion, Visco made several loans to Fortitude Resources ("Fortitude")[1].

---

[1] $300,000.00 dated October 21, 1996, $200,000.00 dated October 21, 1996, $150,000.00 dated January 28, 1997, $150,000.00 dated March 11, 1997, and $101,000.00 dated May 16, 1997.

Visco eventually converted the group of business loans into one consolidated loan with a principal balance of $1,323,387.00². On July 11, 1997, Siegel signed the consolidated loan as President of Fortitude and also personally guaranteed the loan. As of June 30, 2008, it remained past due since May 1998 with principal balance and interest equal to $6,287,841.55. Visco alleges that Siegel acknowledged the debt and promised to pay but has yet to satisfy his alleged obligation under the note.

The complaint alleges the court has jurisdiction on the basis of diversity of citizenship; Visco is an Illinois corporation with its principal place of business in Chicago, and Siegel is a citizen of Kentucky. *See* 28 U.S.C. § 1332(a).

After the court granted two of Siegel's requests for extended time to answer or otherwise plead, Siegel answered the complaint, filed a counterclaim, and asserted several affirmative defenses. Siegel's counterclaim alleges that Visco committed the following torts: breach of duty of good faith and fair dealing, tortious interference with contractual relations, and conversion.

For his breach of duty of good faith claim, Siegel asserts Visco had an obligation to act in good faith and deal fairly with Siegel and Fortitude. Accepting as true Siegel's allegations, Visco knew the note was to benefit Fortitude and could only be paid upon Fortitude's success. Siegel claims that Visco breached the duty of good faith and fair

---

²The consolidated loan takes into account an additional $350,000.00.

dealing by knowing that Siegel managed Fortitude's operations. Furthermore, Siegel complains that Visco knowingly interfered with all aspects of Fortitude's business operations, which rendered performance on the note impossible. Siegel's counterclaim draws upon the same allegations contained in the breach of duty of good faith and fair dealing claim that Visco tortiously interfered with contractual relations. Finally, Siegel claims that by taking over all aspects of business operations, Visco converted Siegel's property.

Siegel's counterclaims are derived from Illinois state law. Since the court has diversity jurisdiction over Visco's breach of contract claim, and the counterclaims involve the same parties and the damages allegedly exceed $75,000, diversity jurisdiction is present for the counterclaim as well.

Visco filed the instant motion to dismiss Siegel's counterclaim pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim and to strike affirmative defenses pursuant to Fed. R. Civ. P. 12(f). It also moves to strike Siegel's answers to ¶¶ 5, 6, and 9 of the complaint.

## LEGAL STANDARDS

### I. Motion to Dismiss for Failure to State a Claim

Fed. R. Civ. P. 12(b)(6) evaluates the legal sufficiency of a plaintiff's complaint. *Gibson v. City of Chicago*, 910 F.2d 1510, 1520 (7th Cir. 1990). In ruling on a motion

to dismiss, a court must draw all reasonable inferences in favor of the plaintiff, construe all allegations of a complaint in the light most favorable to the plaintiff, and accept as true all well-pleaded facts and allegations in the complaint. *Bontkowski v. First Nat'l Bank of Cicero*, 998 F.2d 459, 461 (7th Cir. 1993); *Perkins v. Silverstein*, 939 F.2d 463, 466 (7th Cir. 1991). To be cognizable, the factual allegations contained within a complaint must raise a claim for relief "above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. ---, 127 S. Ct. 1955, 1965 (2007). However, a pleading need only convey enough information to allow the defendant to understand the gravamen of the complaint. *Payton v. Rush-Presbyterian-St. Lukes Med. Ctr.*, 184 F.3d 623, 627 (7th Cir. 1999). Claims should not be dismissed unless "it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." *Hefferman v. Bass*, 467 F.3d 596, 598 (7th Cir. 2006), quoting *Hishon v. King & Spalding*, 467 U.S. 69, 73, 104 S. Ct. 2229, 2232 (1984).

## II. Motion to Strike Affirmative Defenses

Fed. R. Civ. P. 12(f) permits a court to strike defenses that are insufficient on the face of the pleadings. *Heller Fin., Inc. v. Midwhey Powder Co., Inc.*, 883 F.2d 1286, 1294 (7th Cir. 1989). Because motions to strike can be used as delay tactics, they are generally not a favored part of motion practice. *See, e.g., United States v. 416.81 Acres of Land*, 514 F.2d 627, 631 (7th Cir. 1975). However, if legal implications can be

drawn from uncontroverted facts within the pleadings, such motions can be useful tools to examine the sufficiency of asserted defenses. *Id.* When presented with a motion to strike a defense as insufficient, a court must examine whether the challenged defenses raise substantial questions of law or fact. *Id.* If they do, the motion is not meritorious. Moreover, if on the face of the pleadings it appears that a set of facts could be proven that would establish the defense, the party asserting the defense must be provided an opportunity to prove the allegations. *Id.*

With these principles in mind, we turn to Visco's instant motion.

## DISCUSSION

**I. Motion to Dismiss for Failure to State a Claim**

*A. Choice of Law*

Before discussing the merits of Visco's motion, we must first determine what law to apply in evaluating the promissory note. A federal court presiding in a diversity action must apply the choice-of-law rules of the state in which it sits–in this case, Illinois. *See Tanner v. Jupiter Realty Corp.*, 433 F.3d 913, 915-16 (7th Cir. 2006). In making choice-of-law determination for contracts, Illinois follows the most significant contacts analysis. *See Curran v. Kwon*, 153 F.3d 481, 488 (7th Cir. 1998). This principle requires the court to "consider the place of contracting, place of negotiation

of the contract, the place of performance, location of the subject matter of the contract, and the domicile and nationality of the parties." *Id.*

From the pleadings, we know that Visco is a citizen of Illinois and Siegel a citizen of Kentucky. The promissory note indicates that the parties executed the note in Chicago. Furthermore, the note includes a provision in which the parties agreed to resolve any dispute arising from the note under Illinois law. Siegel sought a lender in Illinois to transact his business. Based on this information, we find that Illinois has the most significant contacts to the case and the greatest interest in seeing it resolved. Therefore, we will employ Illinois law.

*B. Good Faith and Fair Dealing*

Visco first moves to dismiss Siegel's breach of good faith and fair dealing claim because it is not an independent cause of action under Illinois law. *See Voyles v. Sandia Mortg. Corp.,* 751 N.E.2d 1126, 1131-32 (Ill. 2001). In Illinois, contracting parties are held to an implied duty of good faith and fair dealing. *First Nat'l Bank Corp. v. Sylvester*, 554 N.E.2d 1063, 1069 (Ill. App. Ct. 1990). While this obligation exists in every contract in Illinois, it is mainly used as a construction aid to determine the intent of the parties in case of conflicting terms. *Resolution Trust Corp. v. Holtzman*, 618 N.E.2d 418, 424 (Ill. App. Ct. 1993).

Siegel opposes Visco's motion by claiming that the contract vested Visco with discretion to enforce the promissory note. If a contract vests a party with discretion and that party does not exercise the discretion in good faith, that can lead to a viable claim for breach of good faith and fair dealing. *Mid-West Energy Consultants, Inc. v. Covenant Home, Inc.*, 815 N.E.2d 911, 916 (Ill. App. Ct. 2004). To plead a breach of the covenant of good faith and fair dealing, a plaintiff must plead existence of contractual discretion. *Id.*

In his counterclaim, Siegel fails to specifically identify what discretionary right Visco breached and instead states that "[Visco] had an obligation of good faith and fair dealing in its treatment of [Siegel] and of Fortitude." Def. Countercl. ¶ 3. Siegel fails to allege that Visco abused any of its discretionary rights. Furthermore, in his response, Siegel did not identify whether the promissory note vested Visco with discretion. Instead, he accuses Visco of interfering with his management obligations, which usurped his authority to conduct business and ruined his ability to repay the loan. Since Siegel failed to plead a discretionary right that Visco may have breached, he fails to state a cognizable claim under Illinois law. Accordingly, Siegel's affirmative defense for breach of the covenant of good faith and fair dealing, the defense is stricken for the same reasons.

*C. Tortious Interference with Contractual Relations*

Next, Visco asserts that Siegel's counterclaim fails to allege the necessary elements of a cause of action for tortious interference with contractual relations. In Illinois, courts generally recognize the following elements: (1) the existence of a valid contract; (2) defendant's knowledge of the contract; (3) intentional and malicious inducement of the breach; (4) a subsequent breach by a third person due to defendant's wrongful conduct; and (5) damages resulting from the breach. *Allstar Music, Inc. v. Eckhoff*, 629 N.E.2d 816, 821 (Ill. App. Ct. 1994).

In his counterclaim, Siegel alleges that he had an agreement with Fortitude to manage its operations and Visco knew of this agreement. Visco points out that Siegel fails to allege whether the purported agreement was of a fixed duration. In Illinois, an employment relationship without a fixed duration is terminable at will by either party. *Duldulao v. St. Mary of Nazareth Hosp. Ctr.*, 505 N.E.2d 314, 317 (Ill. 1987). A plaintiff cannot bring an action for tortious interference with contractual relations based on a contract that is terminable at will. *See Canel & Hale, Ltd. v. Tobin*, 710 N.E.2d 861, 871 (Ill. App. Ct. 1999). Siegel's allegation of a purported agreement to manage Fortitude's business operations is insufficient to establish the existence of a valid contract for purposes of tortious interference with contractual relations.

Furthermore, Siegel pleads that Visco interfered in the contract with Fortitude, but fails to plead facts as to how Visco allegedly interfered with that contract. Siegel's

counterclaim is also devoid of charging Visco with intentional or malicious conduct that disparaged Siegel's relationship with Fortitude. Finally, Siegel does not plead whether Fortitude breached its agreement with him and whether Visco caused the breach. As such, this portion of the counterclaim is dismissed because it fails to state a cognizable claim.

*D. Conversion*

Visco seeks to dismiss Siegel's conversion action on the basis that he failed to plead the requisite elements. In an action for conversion, a party must allege the following: (1) he has a right to the property; (2) he has an absolute and unconditional right to the immediate possession of the property; (3) he made a demand for possession; and (4) the other party wrongfully and without authority assumed control, dominion, or ownership over the property. *See Loman v. Freeman*, 890 N.E.2d 446, 461 (Ill. 2008). Visco asserts that Siegel's counterclaim fails to identify the property in question and whether Siegel had the absolute right to immediate possession of the property. Siegel alleges Visco took over all aspects of Fortitude's business operations, which rendered his performance on the guarantee impossible. Siegel fails to allege whether he owned Fortitude or has an absolute right to possess it. Siegel's allegation, without more, is insufficient to place Visco on notice of the alleged converted property. Therefore, we find that Siegel's conversion claim is vacuous and also fails to state a cognizable claim.

## II. Motion to Strike

*A. Affirmative Defenses*

Visco's motion aims to strike all 14 affirmative defenses advanced against Visco's complaint. Siegel contests the presence of personal jurisdiction and asserts Visco fails to state a claim, enforcement of the note is barred by the doctrine of waiver, estoppel, laches, unclean hands, impossibility of performance, that the guarantee is no longer enforceable, violates usury law, and breaches the covenant of good faith and fair dealing. Siegel also asserts fraud in the inducement, set off, and that Visco failed to take necessary steps to collect on the debt from the primary obligor. He claims that all other matters asserted above and in the counterclaim that may consist of affirmative defenses. Furthermore, Siegel asserts that he reserves the right to assert additional affirmative defenses upon information and discovery.

As a preliminary matter, Visco moves to strike Siegel's affirmative defense 10 claiming that the court lacks personal jurisdiction. Challenges to personal jurisdiction may be waived by either express or implied consent. *See Heller*, 883 F.2d at 1290. For business convenience, parties frequently stipulate in advance to resolve controversies in a particular forum. *Id.* Visco and Siegel stipulated in the promissory note that all rights and obligations of the parties are subject to Illinois law. Such forum selection clauses are controlling unless a party makes a strong showing that is would be unfair,

unjust, or unreasonable to hold a party to the contract. *Id.* at 1290-91. Siegel argues the court lacks jurisdiction because he did not have minimum contacts with the state of Illinois. *See Capital Assocs. v. Roberts-Ohbayashi Corp.*, 487 N.E.2d 7, 11 (Ill. App. Ct. 1985) (concluding jurisdiction can arise from even a single transaction when out-of-state defendant voluntarily engaged in negotiations with a known Illinois resident). Siegel's contention that he lacks the requisite minimum contacts is not the type of strong showing that persuades the court to abandon the forum-selection clause. Since Siegel has failed to show why we should set aside the forum-selection clause, we find that he waived personal jurisdiction as a potential defense by expressly consenting to it in the promissory note.

Visco next moves to strike affirmative defense 11 that Visco which states Visco fails to state claims upon which relief can be granted. Visco's one-count complaint seeks enforcement of an alleged guaranty. In this defense, Siegel does not affirmatively state why Visco has failed to state a claim for relief. The purpose of the Fed. R. Civ. P. 8(c) is to give parties fair notice of their opponents' defenses and an opportunity to rebut them. *See Blonder-Tongue Lab. v. Univ. of Illinois Found.*, 402 U.S. 313, 350, 91 S. Ct. 1434, 1453 (1971). Affirmative defenses must comply with Fed. R. Civ. P. 8(a), which requires a "short and plain statement of the defense." *Heller*, 883 F.2d at 1294. "Bare bones conclusory allegations" are not permitted. *Id.* at 1295.

In opposition to Visco's motion, Siegel cites authority indicating that an affirmative defense is adequate when it gives the plaintiff fair notice of the defense. *See New Hampshire Ins. Co. v. Marinemax of Ohio, Inc.*, 408 F. Supp. 2d 526, 529-30 (N.D. Ohio 2006). However, Siegel's assertion that Visco fails to state a claim is conclusory and does not fairly apprise Visco of why its enforcement action fails to state a claim for relief. Since Siegel's defense does not comply with the minimal specifics of Rule 8, it is stricken.

Next, Visco moves to strike affirmative defense 12, which states that Visco failed to take the steps necessary to collect the funds from the primary obligor (Fortitude) and therefore waived any rights under the note. Siegel also claims that Visco extended the terms of the note, which voided Siegel's guaranty. Visco points to ¶ 6 of the promissory note in which Siegel waived his right to defense of guaranty. Since Siegel waived this right at the time he executed the contract, we strike the defense.

Visco next moves to strike a bundle of equitable affirmative defenses. In ¶¶ 15-19, Siegel states that Visco's complaint is barred by waiver, estoppel, laches, unclean hands, and impossibility of performance. Siegel opposes Visco's motion to strike on the basis that he satisfies the minimum requirements of Rule 8; he perceives that these allegations are enough to put Visco on notice of his intent to assert these defenses. Siegel maintains that each defense draws upon the factual basis provided in ¶¶ 4-5 of

the counterclaim in which he alleges Visco knew he managed Fortitude's business operations and interfered and took over Fortitude's business. In any case, each of Siegel's equitable affirmative defenses are "bare bones" allegations because each defense merely states the equitable doctrine employed and fails to apprise Visco of its legal significance. We find that the equitable defenses do not satisfy Rule 8(a) and are stricken.

Visco additionally moves to strike affirmative defense 13 in which Siegel asserts that the guarantee is no longer enforceable. Here again, Siegel fails to comply with the short and plain statement rule outlined in Rule 8(a). Merely stating that the enforcement is no longer enforceable is a "bare bones" assertion and insufficient under Rule 8. With regard to Siegel's defense alleging that the loan violates usury law, we find that it too is a "bare bones" statement and fails to resist Visco's 12(f) challenge.

Siegel also claims that in the event Visco prevails on its enforcement action, he is entitled to a set off by virtue of the damages contained in his counterclaim. Since we dismissed the counterclaim, there is no possibility of damages to be set off. The defense is therefore stricken.

Next, Visco asserts that affirmative defense 19, which states the complaint should be dismissed due to impossibility of performance, is insufficiently pled. Impossibility is a defense to a contract claim only when one party's performance is made impossible

by an unanticipated event that occurs after the contract is signed. *Joseph W. O'Brien Co. v. Highland Lake Constr. Co.,* 307 N.E.2d 761, 764-65 (Ill. App. Ct. 1974). To properly plead impossibility of performance as an affirmative defense, a party is required to plead the unanticipated event, that the party asserting the doctrine did not contribute to its circumstances, and that the party has tried all practical alternatives available to permit performance. *Ill.-Am. Water Co. v City of Peoria*, 774 N.E.2d 383, 391 (Ill. App. Ct. 2002). Even if we incorporate ¶ 5 from Siegel's counterclaim stating that Visco took over all managerial responsibility for Fortitude, Siegel fails to plead that he did not contribute to its circumstances or that he tried all practical alternatives to permit performance. Therefore, we find that Siegel's affirmative defense does not contain sufficient allegations to resist Visco's motion and is stricken.

Visco also moves to strike affirmative defense 23, fraud in the inducement. A fraudulent inducement claim is pled when a plaintiff alleges the following: (1) a false statement of material fact; (2) defendant's knowledge that the statement was false; (3) defendant's intention to induce the plaintiff to act; (4) plaintiff's reliance on the truth of the statement; and (5) plaintiff's damages resulting therefrom. *Capiccioni v. Brennan Naperville*, 791 N.E.2d 553, 558 (Ill. App. Ct. 2003).

Siegel alleges that prior to the execution of the contract, Visco informed him that signing as guarantor was a matter of form and that the guaranty would only be enforced

against him for malfeasance. In Illinois, a written contract overrides all prior and contemporaneous negotiations and agreements regarding the same subject matter. *Dolezal v. Plastic & Reconstructive Surgery*, 640 N.E.2d 1359, 1366 (Ill. 1994). The notion that Visco informed Siegel that the note would only be enforceable for malfeasance was never reduced to writing included in the promissory note. Therefore, the contents of the note supercede any prior or contemporaneous oral negotiations. Siegel allegedly relied on Visco's statements concerning malfeasance as a condition to enforce the guaranty. By having access to the promissory note before signing it, Siegel had equal knowledge of its contents and could not be said to have justifiably relied on Visco's prior statements. *See Luciani v. Bestor*, 436 N.E.2d 251, 256 (Ill. App. Ct. 1982). We strike Siegel's fraud in the inducement defense as it violates well-established principles of contract law.

We also strike affirmative defense 21 and 24. Affirmative defense 21 states that "[Siegel] alleges all other matters asserted above and in the [c]ounterclaim which consist of affirmative defenses" and is insufficient because it is overbroad. Affirmative defense 24 states that "[Siegel] reserves the right to assert additional affirmative defenses upon information and discovery," which is impermissibly pled because if a party does not bring an affirmative defense in its first responsive pleading, then it is waived. *See Castro v. Chicago Hous. Auth.*, 360 F.3d 721, 735 (7th Cir. 2004) (noting

that when a defendant does not raise defenses at the time of filing an answer, those defenses are deemed waived).

*B. Answer to Complaint*

Visco moves to strike Siegel's answer to ¶¶ 5, 6, and 9 of the complaint as evasive and improper under Fed. R. Civ. P. 8(b). Rule 8(b) directs defendants to answer the allegations of a complaint in one of three ways: an admission, a denial, or a detailed statement explaining that the party is without sufficient information or knowledge. Fed. R. Civ. P. 8(b). Rather than admitting or denying Visco's allegations in ¶¶ 5, 6, and 9, Siegel chooses to state that the promissory note "speaks for itself." We examine each contested response in turn.

With respect to ¶ 5 of Visco's complaint in which it alleges that Siegel is the guarantor of the loan, Siegel states "As to paragraph 5, the note in question speaks for itself. Defendant denies all allegations of Paragraph 5 that are inconsistent with the terms and conditions of the promissory note attached to the complaint as Exhibit A. Defendant denies that he has any guarantor obligations under the note in question." Siegel's answer employs the words "speaks for itself," and to the extent that the promissory note is inconsistent, he denies guaranteeing the note. Siegel's response to ¶ 5 fails to comply with Rule 8 and is stricken.

In ¶ 6, Visco alleges that the promissory note attached to the complaint illustrates that it loaned Fortitude $1,323,387 on July 10, 1997. Siegel's answer to ¶ 6 is identical to his response to ¶ 5. Even though the substance of Siegel's answer is the same, it is irrelevant for the purposes of Visco's allegation in ¶ 6. Siegel's response does not employ one of the three alternatives set forth in Rule 8(b) and therefore we strike his answer. ¶ 6 of Visco's complaint is deemed admitted.

Lastly in ¶ 9 of its complaint, Visco alleges that the promissory note provides for payment of all costs of collection including reasonable attorney's fees. Siegel again employs the language "the note in question speaks for itself." We strike Siegel's answer for reasons consistent above.

## CONCLUSION

Based on the foregoing, Visco's motion to dismiss Siegel's counterclaim is granted; its motion to strike each affirmative defense is granted; and its motion to strike Siegel's answer as to ¶¶ 5, 6, and 9 is granted.

_____
Charles P. Kocoras
United States District Judge

Dated:  November 13, 2008