UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| VISCO FINANCIAL SERVICES, LIMITED, | ) | |
|---|---|---|
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | 08 C 4029 |
| | ) | |
| JOHN J. SIEGEL, JR., | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION

CHARLES P. KOCORAS, District Judge:

This matter comes before the court on the motion of Defendant John Siegel ("Siegel") for leave to file an amended answer and counterclaim. For the following reasons, the motion is granted in part and denied in part.

## BACKGROUND

This is a diversity case in which Plaintiff Visco Financial Services, Limited ("Visco") sued Siegel for allegedly guaranteeing a commercial promissory note. Siegel struck back by responding to Visco's complaint with affirmative defenses and counterclaims. On November 13, 2008, the court entered an order dismissing Siegel's counterclaim, striking each affirmative defense, and striking Siegel's answers to ¶¶ 5, 6, and 9 of the complaint. Siegel now requests leave to amend his answer; he asserts eight amended affirmative defenses and two amended counterclaims. In his motion,

Siegel sets forth the following counterclaims: breach of the duty of good faith and intentional interference with prospective economic advantage. Visco objects to both counterclaims on the grounds that neither state a claim upon which relief can be granted. It also opposes Siegel's eight amended affirmative defenses for failing to state viable defenses.

## **LEGAL STANDARD**

Federal Rules of Civil Procedure 15(a) gives the court discretion to freely permit amendments where justice so requires. Fed. R. Civ. P. 15(a)(2); *Figgie Int'l Inc. v. Miller*, 966 F.2d 1178, 1180-81 (7th Cir. 1992). Plainly speaking, the rule promotes a liberal attitude towards the amendment of pleadings—a liberality consistent with deciding cases on the merits. *Barry Aviation Inc. v. Land O'Lakes Mun. Airport Comm'n*, 377 F.3d 682, 687 (7th Cir. 2004).

However, amended pleadings are futile if the proposed amendment fails to satisfy the requirements of the federal rules or would not survive a motion to dismiss. *Brunt v. Serv. Employees Int'l Union*, 284 F.3d 715, 720-721 (7th Cir. 2002). This means an amendment must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, —, 127 S. Ct. 1955, 1974 (2007). With these principles in mind, we turn to Siegel's proposed amended answer and counterclaims.

# DISCUSSION

## I. Amended Answer to Complaint

As an initial matter, Siegel's amended answer offers different responses to ¶¶ 5, 6, and 9 of Visco's complaint. As mentioned in the court's previous Memorandum Opinion, a defendant's answer must comply with Federal Rule of Civil Procedure Rule 8(b). Siegel now denies Visco's allegations in ¶¶ 5, 6, and 9, which comports with Rule 8(b). Therefore, the court finds Siegel's amended answers comply with Rule 8(b) and, in the interest of justice, will permit the amended answers to those portions of the complaint.

## II. Amended Counterclaims

Next, Siegel amends the breach of duty of good faith counterclaim asserting that the note vested Visco with discretion concerning enforcement and Visco abused that discretion by allegedly interfering with business relations. We examined this issue in our earlier decision; the deficiencies identified in Siegel's amended pleading remain. As such, the motion to amend is denied as to the breach of duty of good faith claim.

With respect to the intentional interference with prospective economic advantage claim, we assess whether Siegel states a cognizable claim under Illinois law. To withstand a motion to dismiss, a complaint must allege the following: (1) a reasonable expectation of entering into a valid business relationship; (2) the defendant's knowledge of plaintiff's expectancy; (3) action by the defendant to purposefully interfere and

prevent plaintiff's legitimate expectancy from ripening into a valid business relationship; and (4) damage to the plaintiff from the interference. *Dowd v. Dowd, Ltd. v. Gleason*, 693 N.E.2d 358, 370 (Ill. 1998). The tort of interference with prospective advantage requires a showing of action by the defendant towards a third party. *Vickers v. Abbott Lab.*, 719 N.E.2d 1101, 1116 (Ill. App. Ct. 1999). Siegel alleges that he was already in an existing business relationship with Fortitude when he guaranteed the loan with Visco. He does not allege that Visco purposefully interfered with any third party. Rather, Siegel complains that Visco conspired with other employees of Fortitude to "oust" him from his position with Fortitude, which consequently ruined his ability to continue business efforts with Fortitude. The counterclaim fails to allege the presence of a third party and this absence renders the amendment to include this claim futile. Therefore, the motion is denied as to the tortious interference with prospective economic advantage claim.

Siegel raises set off as an affirmative defense in this action. The court struck this defense in the earlier decision because the initial counterclaims failed to state a claim for relief. Since the amended counterclaims again fail to state a cognizable claim under Illinois law, we similarly deny Siegel's motion to assert a set off defense.

### III. Amended Affirmative Defenses

Siegel requests leave of court to amend eight affirmative defenses. We first address the defense of fraud in the inducement in ¶ 16 of the amended answer. Siegel

pleads that he was fraudulently induced into executing the guarantee because he relied on conversations and negotiations prior to or contemporaneous with the execution of the guaranty. We previously addressed this issue, and Siegel's amendment does not provide anything new that would alter the prior result. Therefore, the motion to amend the fraud in the inducement defense is denied.

Next, we assess whether Siegel's amendment to the affirmative defense of impossibility of performance is meritorious. As drafted, the amendment includes the necessary allegations as outlined in the court's previous opinion. However, Siegel alleges that the interference took place after Fortitude defaulted on the note triggering his guaranty obligation. For this defense to lie, a party needs to show an unanticipated event that renders performance of the promise vitally different from that reasonably contemplated by the parties. *See Illinois-American Water Co., v. City of Peoria*, 774 N.E.2d 383, 391 (Ill. App. Ct. 2002). Since the alleged interference occurred after the note became due, impossibility of performance is not a viable defense and the amendment is denied.

With regard to enforceability, waiver, estoppel, and clean hands, we assess the substance of Siegel's pleading. Each of these defenses is premised on Visco's alleged interference with business relations, which allegedly foreclosed Siegel's ability to perform under the contract. Siegel pleads that the alleged interference occurred eight months after Fortitude's first payment was due on the note and two months after the

final payment was due. However, neither Fortitude or Siegel made any payments on the note. According to the terms of the note, if Siegel failed to render payments, then Visco could consider him in default. Since no payments were made on the note, Visco considered Siegel in default. Therefore, any alleged interference that occurred after the note was due cannot provide Siegel with a viable affirmative defense. As such, the addition of these defenses will not be permitted.

Siegel amends his laches defense in ¶ 21 of the pleading. We previously struck this defense because the pleading was a "bare bones conclusory allegation." *Heller Fin., Inc. v. Midwhey Powder Co., Inc.*, 883 F.2d 1286, 1295 (7th Cir. 1989). Laches is an equitable remedy that bars relief when one party unreasonably delays in bringing the action for relief and that delay prejudices the other party. *Hayes v. State Teacher Certification Bd.*, 835 N.E.2d 146, 159 (Ill. App. Ct. 2005). In his amendment, Siegel claims that eleven years have passed between the execution of the note and Visco's present attempt to enforce it. Furthermore, Siegel pleads that he has been prejudiced by this time delay in the form of accumulated interest on the note. Although it is now properly pled, Visco contends that Section 6[1] of the promissory note is dispositive of

---

[1] Section 6, in pertinent part, states "MAKER and GUARANTOR...expressly agree that this Note...may be extended from time to time, all without in any way affecting their liability hereunder. The right to plead any and all types of statutes of limitations as a defense to any demand on this Note, or any guarantee of this Note, or to any agreement to pay the same, is hereby expressly waived by MAKER and GUARANTOR."

whether the laches defense should lie. Since Siegel expressly agreed that the time for payment of the promissory note could be extended without affecting his liability, then he waived laches as a defense. Furthermore, Siegel gave up his right to plead all types of statute of limitations as a defense, which infers laches. As such, the laches defense is stricken.

Finally, Siegel advances the affirmative defense of breach of duty of good faith and fair dealing on the basis that the note vested Visco with discretion of enforcement. We deny this affirmative defense for reasons stated above with regard to the assertion of this theory as a separate cause of action.

## CONCLUSION

Based on the foregoing, Siegel's motion is granted with respect to the amendments made to his answer in ¶¶ 5, 6, and 9, but it is denied as to all other amendments.

*[signature]*

Charles P. Kocoras
United States District Judge

Dated:   December 10, 2008