UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| VISCO FINANCIAL SERVICES, LIMITED, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | 08 C 4029 |
| | ) | |
| JOHN J. SIEGEL, JR., | ) | |
| | ) | |
| Defendant. | ) | |

# MEMORANDUM OPINION

CHARLES P. KOCORAS, District Judge:

This matter comes before the court on the motion of Plaintiff Visco Financial Services, Limited ("Visco") for summary judgment against Defendant John Siegel ("Siegel"). For the following reasons, the motion is granted.

## BACKGROUND

The following is a recitation of Visco's 56.1 statement of undisputed facts. Visco filed suit against Siegel to recover money it lent to Siegel's company; the contents of the agreement were memorialized in a promissory note that Siegel personally guaranteed. On or about July 10, 1997, Visco loaned Fortitude Resources, Inc. ("Fortitude") $1,323,387.00. At the time the parties entered the agreement, Siegel acted as the president and chief executive officer of Fortitude; he signed the note as the president of Fortitude and personally guaranteed it. The promissory note set forth an

amortization schedule requiring Fortitude to pay back principal and interest between the months of September 1997 and April 1998; the payments were to be made in eight installments. Four payments in the amount of $36,913.79 were made in October and November 1997. Since that time, no further payments were made on the note.

In addition to the unpaid principal, the note provides for a fifteen percent per year interest rate on the outstanding principal balance; should interest not be paid when due, it bears like interest as the principal. Moreover, if any balance of the principal or interest remains unpaid after May 10, 1998, the outstanding balance bears interest at the rate of thirty percent per year. As of the date this motion was filed, the principal and interest due using the fifteen percent interest rate was $7,728,469.34.

The promissory note also requires the defaulting party to pay the fees of having to collect or enforce the collection of the note. Visco has incurred the following costs related to this action: $350 filing fee; $75 fee for service of process; $320.14 for deposition transcript costs; $31.70 in copy costs; and $20,704.75 in attorney fees for a sum total of $21,481.59. In the aggregate, Visco requests damages in the amount of $7,749,950.93.

**LEGAL STANDARD**

Summary judgment is appropriate only when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that

there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. Proc. 56(c). A genuine issue of material fact exists when the evidence is such that a reasonable jury could find for the nonmovant. *Buscaglia v. United States*, 25 F.3d 530, 534 (7th Cir. 1994). The movant in a motion for summary judgment bears the burden of demonstrating the absence of a genuine issue of material fact by specific citation to the record; if the party succeeds in doing so, the burden shifts to the nonmovant to set forth specific facts showing that there is a genuine issue of fact for trial. Fed. R. Civ. Proc. 56(e); *Celotex Corp. v. Catrett*, 477 U.S. 317, 325, 106 S. Ct. 2548, 2554 (1986). In considering motions for summary judgment, a court construes all facts and draws all inferences from the record in favor of the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255, 106 S. Ct. 2505, 2513 (1986).

With these principles in mind, we turn to the motion at hand.

## DISCUSSION

Siegel has not responded to the motion for summary judgment, despite having the opportunity to do so. As a result, Visco's statement of undisputed facts are deemed admitted. Although Siegel is represented by attorneys who have filed an appearance on his behalf and defended this suit from the outset by filing an answer, counterclaim, and affirmative defenses, none have filed a response to the instant motion.

Visco moves for summary judgment on the basis that the promissory note is in default and Siegel personally guaranteed it. The note specifies that it will be governed by Illinois law. Illinois courts have held that a guaranty of the payment of an obligation of another is an absolute undertaking imposing liability on the guarantor immediately upon the default of the principal debtor. *Hensler v. Busey Bank*, 596 N.E.2d 1269, 1274 (Ill. App. Ct. 1992). Visco asserts that Siegel was the president of Fortitude, the principal debtor, and that he personally guaranteed the note. Since the undisputed facts establish that Siegel guaranteed the note that is presently in default and Siegel does not present any contradictory evidence, we find that summary judgment in Visco's favor is appropriate.

Next, Visco requests the costs associated with the collection of the note, including attorney fees. Under the so-called "American Rule," a party to a lawsuit pays its own attorney fees absent some sort of authority to shift the burden, such as a statute, a rule of procedure, or prior agreement of the parties. *West Lafayette Corp. v. Taft Contracting Co., Inc.*, 178 F.3d 840, 842 (7th Cir. 1999). The promissory note between the parties provides the necessary authority to shift attorney fees to Siegel. Moreover, the note takes into account other related costs. Siegel has not resisted any of Visco's motion and we are left with not other option, so these amounts are awarded in addition to the balance due on the note.

## CONCLUSION

For the foregoing reasons, Visco's motion for summary judgment is granted.

/s/ Charles P. Kocoras
Charles P. Kocoras
United States District Judge

Dated:   June 4, 2009